UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

TATE ED BROWN,
Institutional ID No. 11873

          Plaintiff,

v.

TERRY MORGAN, *et al.*,

          Defendants.

No. 5:20-CV-215-H

## ORDER

The United States Magistrate Judge made findings, conclusions, and a recommendation that this case be stayed pending the outcome of Plaintiff's criminal case, and that any claim for release from custody or dismissal of the criminal charges be dismissed with prejudice. (Dkt. No. 16.) Plaintiff filed objections. (Dkt. No. 18.) The Court conducted a de novo review of the relevant portions of the record and the Magistrate Judge's report. As explained below, Plaintiff's objections are overruled, and the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge. The Court also supplements those findings and conclusions with the additional discussion of Plaintiff's claims below.

1. **Plaintiff's Claims**

This is a civil action brought by Plaintiff against Garza County Sheriff Terry Morgan, Texas State Trooper Ricky Walters, and Garza County Sheriff's Deputy Derrick

Johnson. In sum, Plaintiff alleges that Defendants caused false charges to be brought against him. He admits that he has not yet been tried or convicted of any of the charges.

2. **The Magistrate Judge's Findings, Conclusions, and Recommendation and Plaintiff's Objections**

As explained by the Magistrate Judge, pursuant to directions of the United States Supreme Court, in a case like this, the Court is to stay the action pending the outcome of the relevant criminal cases. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Additionally, the Magistrate Judge recommend that any request for release or dismissal of the criminal charges must be dismissed. Plaintiff does not disagree. Rather, he disputes the Magistrate Judge's description of some of the underlying facts. Plaintiff's objections are overruled.

3. **Abstention Doctrine**

First, Plaintiff's request for dismissal of the charges—and any request for release—must be denied. "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971) (explaining the doctrine of abstention prohibiting direct interference by a federal court with a pending state criminal prosecution). Absent exceptional circumstances, a pretrial detainee may not litigate the merits of his constitutional claims before the state court has entered a judgment of conviction. *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973). *See also Louisiana Debating and Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir. 1995) ("[Abstention] is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character.") (citation omitted).

A federal court may not enjoin state-court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment." 28 U.S.C. § 2283. Although section 1983 expressly authorizes federal courts to enjoin state proceedings to protect federal rights, the principles of equity, comity, and federalism still strongly encourage restraint. *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018).

"Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* (internal quotation marks omitted). When these conditions are present, federal intervention in a pending state-court prosecution is possible only "in certain exceptional circumstances—where irreparable injury is both great and immediate, where the state law is flagrantly and patently violative of express constitutional prohibitions, or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief." *Mitchum v. Foster*, 407 U.S. 225, 230 (1972). The plaintiff has the burden of establishing "actual proof of bad faith," showing that state officials chose to proceed "without hope of obtaining a valid conviction." *Gates*, 885 F.3d at 881.

Here, Plaintiff expressly asks the Court to interfere with state-court proceedings by ordering the state court to dismiss the charges against him. And the state necessarily has a strong interest in the enforcement of state criminal laws. *See id.* Also, Plaintiff has not shown that he lacks an adequate opportunity to raise his challenges in the state court. Thus,

the abstention doctrine applies unless Plaintiff can show that the narrow, exceptional circumstances described above are present here.

Plaintiff does not challenge the constitutionality of any state law. Nor has he shown great and immediate irreparable injury. Indeed, "it does not appear . . . [that he has] been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith." *Younger*, 401 U.S. at 47. Finally, although Plaintiff alleges that the arresting officer filed a false report and made an unlawful stop, this claim is unsupported. He has not carried the burden of showing that the state is prosecuting him in bad faith. Plaintiff's conclusory allegations do not show any exceptional circumstances warranting federal interference with his state-court proceedings. The Court finds that the *Younger* abstention doctrine applies and thus declines to exercise jurisdiction.

Plaintiff's pleadings show that his state criminal proceedings are still pending. The state court has not entered a judgment of conviction and Plaintiff has not alleged facts showing that special circumstances are present or that he is entitled to federal court intervention in his pending state criminal case. Plaintiff's request for the Court to intervene in his state criminal case is denied.

The abstention doctrine does not bar Plaintiff's claims for monetary damages. *See Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (citing *Lewis v. Beddlingfield*, 20 F.3d 123, 125 (5th Cir. 1994)). The Court "has no discretion to dismiss cognizable claims for monetary relief which cannot be redressed in a pending state proceeding." *Ballard v. Wilson*, 856 F.2d 1568, 1571–72 (5th Cir. 1988). Thus, the Court is required to retain jurisdiction over Plaintiff's claims for monetary relief pending the outcome of his state proceedings. *See id.*

4. **Conclusion**

For the reasons stated above and as discussed in the findings, conclusions, and recommendation of the United States Magistrate Judge, the Court finds:

1. Plaintiff's claim for monetary damages is stayed pending the resolution of his state criminal proceedings.

2. The Clerk is directed to administratively close this case and terminate any pending motions. Plaintiff must file a motion to reopen the case within 30 days after the state finally resolves the pending criminal charges if he still wishes to pursue his claims for monetary relief. Plaintiff must attach to his motion a copy of any relevant state-court record showing that the case has concluded.

3. Plaintiff's claim requesting dismissal of the criminal charges or release from custody is dismissed with prejudice under Federal Rule of Civil Procedure 54(b). There is no just reason for delay in entering a final judgment and final judgment should be entered as to those claims under Federal Rule of Civil Procedure 54(b). The Court will enter judgment accordingly.

So ordered.

Dated January 28, 2022.

JAMES WESLEY HENDRIX
United States District Judge